**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ABDULLA AJETI, ARBEN SOPAJ, ARJAN RAMADANI, AVNI MEHMETI, BEKIM ZAHIRI, BURHAN LIMANI, BURIM JASHARI, ENVER RAMADANI, FATMIR REXHAJ, FATON GASHI, GYNER ISMAILI, JETON JASHARI, NASER RRAHMANI, RAMIZ UKSHINI, SALIH OSMANI, SHPEJTIM SHERIFI, VLORA PAQARIZI,<br><br>        Plaintiffs,<br><br>        v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA<br><br>        Defendant. | Civil Action No.: 26-3249-HB |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**



**HINSHAW & CULBERTSON LLP**
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0330 (Telephone)
dryan@hinshawlaw.com
fhoensch@hinshawlaw.com
marissaedwards@hinshawlaw.com
asantos@hinshawlaw.com
*Attorneys for Defendants*

1

1103350\329681449.v1

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 2

LEGAL STANDARD...................................................................................................... 3

LEGAL ARGUMENT..................................................................................................... 4

 I. PLAINTIFFS' RESPECTIVE CLAIMS FOR LTD BENEFITS UNDER THE TERMS OF THE PLAN ARE GOVERNED BY ERISA. ........................... 4

  A. The Group LTD Policy is part of an ERISA-governed employee benefit plan......................................................................................... 4

  B. Plaintiffs' claims involve a domestic application of ERISA and thus ERISA governs their respective claims. ....................................... 6

 II. ERISA PREEMPTS PLAINTIFFS' STATE-LAW CLAIMS AS ALL CLAIMS RELATE TO AN ERISA-GOVERNED LONG-TERM DISABILITY PLAN....................................................................................... 11

  A. ERISA completely preempts Plaintiffs' state law claims. ........................ 12

  B. ERISA expressly preempts Plaintiffs' state law claims........................... 14

CONCLUSION.............................................................................................................. 18

i

1103350\329681449.v1

Case 2:26-cv-03249-HB   Document 20-1   Filed 05/20/26   Page 3 of 23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004)................................................................................................ *passim*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................3

*Bajrami v. Reliance Standard Life Insurance Co.*,
334 F. Supp. 3d 659 (E.D. Pa. 2018) ...............................................................10, 11

*Barber v. UNUM Life Ins. Co. of Am.*,
383 F.3d 134 (3d Cir. 2004)...............................................................................16, 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................3

*Berger v. Edgewater Steel Co.*,
911 F.2d 911 (3d Cir. 1990).......................................................................................15

*Bicknell v. Lockheed Martin Group Benefits Plan*,
410 F. App'x 570 (3d Cir. 2011) .........................................................................5, 16

*Egelhoff v. Egelhoff*,
532 U.S. 141 (2001)...................................................................................................11, 12

*Firestone Tire & Rubber Co. v. Bruch*,
489 U.S. 101 (1989).......................................................................................................13

*Ford v. Unum Life Ins. Co. of Am.*,
351 F. App'x 703 (3d Cir. 2009) ..............................................................................17

*Fort Halifax Packing Co. v. Coyne*,
482 U.S. 1 (1987)..............................................................................................................9

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)..........................................................................................2

*Gobeille v. Liberty Mut. Ins. Co.*,
577 U.S. 312 (2016)........................................................................................................12

*Kollman v. Hewitt Assocs., LLC*,
487 F.3d 139 (3d Cir. 2007)........................................................................................17

ii

*Menkes v. Prudential Ins. Co. of Am.*,
  762 F.3d 285 (3d Cir. 2014)..................................................................14, 15, 16, 17

*Metropolitan Life Ins. Co. v. Taylor*,
  481 U.S. 58 (1987)................................................................................................12

*Morrow v. Balaski*,
  719 F.3d 160 (3d Cir. 2013)...................................................................................3

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997)...................................................................................3

*Pane v. RCA Corp.*,
  868 F.2d 631 (3d Cir. 1989)....................................................................14, 16, 17

*Pilot Life Insurance Co. v. Dedeaux*,
  481 U.S. 41 (1987)....................................................................................... *passim*

*Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*,
  413 F.3d 897 (8th Cir. 2005) ...............................................................................12

*Pryzbowski v. U.S. Healthcare, Inc.*,
  245 F.3d 266 (3d Cir. 2001)...........................................................................13, 16

*In re Reliance Standard Life Insurance*,
  386 F. Supp. 3d 505 (E.D. Pa. 2019) .............................................................10, 11

*Rieser v. Std. Life Ins. Co.*,
  159 F. App'x 374 (3d Cir. 2005) ..........................................................................15

*RJR Nabisco, Inc. v. European Cmty.*,
  579 U.S. 325 (2016)................................................................................................7

*Shaw v. Delta Air Lines, Inc.*,
  463 U.S. 85 (1983)................................................................................................14

*Shyman v. Unum Life Ins. Co.*,
  427 F.3d 452 (7th Cir. 2005) ...............................................................................10

*Varity Corp. v. Howe*,
  516 U.S. 489 (1996)............................................................................................9, 11

*Wolk v. UNUM Life Ins. of Am.*,
  186 F.3d 352 (3d Cir. 1999)..................................................................................10

*Yates v. Hendon*,
  541 U.S. 1 (2004)..................................................................................................10

iii

*Yegiazaryan v. Smagin,*
599 U.S. 533 (2023)................................................................................... *passim*

**Statutes**

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* .................... *passim*

42 Pa. C.S. § 8371..........................................................................................16

18 U.S.C. § 2332(a) ..........................................................................................7

28 U.S.C. § 1962..............................................................................................7

29 U.S.C. § 1001(2) ..........................................................................................6

29 U.S.C. § 1001(b) .......................................................................................9, 11

29 U.S.C. § 1002(1) ........................................................................................4, 6

29 U.S.C. § 1002(7) .........................................................................................13

29 U.S.C. § 1003.............................................................................................7

29 U.S.C. § 1003(a) ..........................................................................................5

29 U.S.C. § 1003(b)(4) ....................................................................................7, 8

29 U.S.C. § 1003(b)(4) ......................................................................................6

29 U.S.C. § 1132(a)(1)(B) ..............................................................................13, 14

29 U.S.C. § 1132(a) Section 502(a).............................................................2, 12, 13, 17

29 U.S.C. § 1144(a) Section 514(a)....................................................................... *passim*

18 U.S.C. § 1962(c) and (d)..................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 2, 3

1103350\329681449.v1

Defendant Life Insurance Company of North America[1] ("LINA" or "Defendant"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss (the "Motion to Dismiss") the Civil Action Complaint (the "Complaint") (Dkt. 1-2) filed by Plaintiffs Abdulla Ajeti, Arben Sopaj, Arjan Ramadani, Avni Mehmeti, Bekim Zahiri, Burhan Limani, Burim Jashari, Enver Ramadani, Fatmir Rexhaj, Faton Gashi, Gyner Ismaili, Jeton Jashari, Naser Rrahmani, Ramiz Ukshini, Salih Osmani, Shpejtim Sherifi, Vlora Paqarizi (collectively, "Plaintiffs") with prejudice and on the merits pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

This case arises from seventeen separate claims for long-term disability ("LTD") benefits under an employee welfare benefit plan sponsored by Plaintiffs' former employer, AECOM. Plaintiffs, all citizens of the Republic of Kosovo, allege they were employed by AECOM or one of its affiliated entities in Afghanistan and suffered disabling injuries during their employment. As a result of those alleged disabling injuries, Plaintiffs seek LTD benefits under AECOM's employee welfare benefit plan, which is funded by a group LTD policy issued by LINA. Plaintiffs assert seven causes of action sounding exclusively in state law: (1) breach of contract; (2) fraud; (3) conspiracy to commit fraud; (4) negligent misrepresentation; (5) breach of the duty of good faith and fair dealing; (6) promissory estoppel; and (7) negligence, along with a demand for punitive damages. Each of these claims is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and therefore must be dismissed with prejudice for failure to state a claim.

---

[1] While Plaintiffs refer to Life Insurance Company of North America as "CIGNA" throughout the Complaint, it is referred to as LINA herein.

1

The subject group LTD policy that Plaintiffs seek benefits under was established and maintained by AECOM as part of a comprehensive employee benefits package that included LTD coverage. AECOM served as the subscriber on the policy, paid premiums on behalf of its employees through payroll deductions, and administered the benefits enrollment process. These facts establish that the subject policy is part and parcel of an ERISA-governed employee welfare benefit plan. Because every count in Plaintiffs' Complaint either (a) falls within the scope of ERISA's civil enforcement provisions under Section 502(a), 29 U.S.C. § 1132(a) and is therefore completely preempted, or (b) "relates to" an ERISA-governed employee benefit plan and is therefore expressly preempted under Section 514(a), 29 U.S.C. § 1144(a), dismissal of the entire Complaint is warranted with prejudice and on the merits for failure to state a claim.

**STATEMENT OF FACTS[2]**

Plaintiffs are seventeen citizens of the Republic of Kosovo who worked in Afghanistan for AECOM, a domestic employer, and its subsidiary entities, including AC First LLC and Global Sourcing Solutions ("GSS") (collectively, "AECOM"), from approximately 2011 through 2019. (Compl., ¶¶ 1-17, 21). As part of their employment, Plaintiffs allege that AECOM, as part of its employee welfare benefit plan (the "Plan") offered Plaintiffs LTD benefits through a group policy underwritten by LINA. (*Id.*, ¶¶ 21, 25-28). AECOM deducted payment for the LTD coverage from Plaintiffs' wages. (*Id.*, ¶21). Plaintiffs' respective contracts with AECOM included the following: "immediately upon start date of this AGREEMENT, the employer will offer to the Employee a benefits plan including:…Long-term disability." (Compl., ¶ 26). Following this agreement, as part of their benefits package in 2016 and 2017, AECOM told Plaintiffs that they had contracted with

---

[2] For purposes of this Rule 12(b)(6) motion only, the Court must accept as true the facts in Plaintiffs' Complaint and documents to which it referred and relied on. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

LINA to provide the LTD disability coverage. (*Id.*, ¶ 27). AECOM procured LINA Group Policy No. FLK-0981093 (the "LTD Policy") to fund the LTD benefits offered to its employees, including Plaintiffs, under the terms of AECOM's Plan. (*Id.*, ¶ 28).

After Plaintiffs allegedly sustained disabling injuries, Plaintiffs each submitted a separate claim to LINA, as the claims administrator, for LTD benefits under the Plan's LTD Policy. In response, LINA determined that Plaintiffs were not entitled to benefits under the terms of the Policy and closed Plaintiffs' respective claims. (*Id.*, ¶ 29). Plaintiffs now claim that LINA violated the terms of the Plan's LTD Policy in denying Plaintiffs' respective claims for LTD benefits. (Compl., ¶¶ 29-161). Through this action, Plaintiffs seek to enforce the terms of the Plan's LTD Policy and obtain benefits thereunder. (*See id.*).

## LEGAL STANDARD

Under Rule 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the well-pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Although [a court] must accept the allegations in the complaint as true, [it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (citation omitted). Thus, "naked assertions devoid of further factual enhancement" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *see also, e.g., Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting

3

that courts "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss").

## LEGAL ARGUMENT

### I.    PLAINTIFFS' RESPECTIVE CLAIMS FOR LTD BENEFITS UNDER THE TERMS OF THE PLAN ARE GOVERNED BY ERISA.

In their Complaint, Plaintiffs contend that Congress did not intend for ERISA to benefit claims asserted by "foreign employees who worked in a foreign country." (Compl., ¶ 170). This argument fails. First, it is beyond dispute that the disability coverage Plaintiffs seek to enforce qualifies as an "employee benefit plan" under ERISA, 29 U.S.C. § 1002(1). Second, this action involves a domestic rather than an extraterritorial application of ERISA since the injury alleged by Plaintiffs consists of nothing more than LINA's violation, in the United States, of Plaintiffs' alleged rights under an ERISA plan established and administered in the United States.

### A.    The Group LTD Policy is part of an ERISA-governed employee benefit plan.

Plaintiffs concede that the AECOM Plan is governed by ERISA and that ERISA generally preempts state laws that relate to employee welfare benefit plans. (Compl., ¶ 170). Nonetheless, Plaintiffs argue that ERISA does not govern *their claims* based on the faulty premise that foreign employees working in a foreign country are not subject to ERISA. This argument fails.

Plaintiffs' allegations make clear that the LTD coverage they seek to enforce was procured as part of an ERISA-governed plan. (*See* Compl., ¶ 170). The U.S. Army allegedly awarded an AECOM affiliate, AC First LLC, a contract to provide maintenance, supply, and transportation services to U.S. forces at locations in Afghanistan. (Compl., ¶ 24). AECOM provided labor for this contract through its affiliates, Global Sourcing Solutions ("GSS") and AC First. (Compl., ¶ 25). While GSS was named on Plaintiffs' pay records, and GSS contracted with Plaintiffs for their services, Plaintiffs maintain that GSS was merely their nominal employer, and they were "actually

4

employees of AC First and AECOM," with AC First billing their labor to the "U.S. Government," providing Plaintiffs with their contracts, and sending written confirmation of completion of the contracts. (Compl., ¶¶ 25-26). AECOM records allegedly refer to AC First, AECOM, and GSS interchangeably. (Compl., ¶ 25).

The Complaint further confirms that AECOM procured the LTD Policy to provide LTD benefits to its employees, including Plaintiffs, was the named subscriber on the LTD Policy, told Plaintiffs both "in writing and verbally" that it had obtained the LTD insurance through LINA, and that the benefits were part of a "benefits plan" that AECOM promised to offer to its employees. (Compl., ¶¶ 24-28). Plaintiffs' employment contracts with GSS expressly provided that "[i]mmediately upon start date of this AGREEMENT, the employer will offer to the Employee a benefits plan including: . . . Long-term disability." (Compl., ¶ 26).

The dispositive question is not where Plaintiffs worked or where they reside, but whether the *Plan* was "established or maintained" by an employer "engaged in commerce." 29 U.S.C. § 1003(a). AECOM is a United States-based employer located in California and engaged in commerce. (Compl., ¶ 20). The LTD Policy was procured and administered in the United States, AECOM is headquartered in the United States, and LINA at the time was a Pennsylvania-domiciled insurer.[3] (Compl., ¶¶ 18-20). The Plan's establishment and administration occurred entirely within the territorial jurisdiction of the United States. (*Id.*). Even the Complaint acknowledges that the LTD Policy was "issued in Delaware and shall be governed by its laws." (Compl., ¶ 20). A plan issued and governed by U.S. law, by a U.S. insurer, procured by a U.S. employer, and administered through a U.S.-based claims process, is a domestic plan within the

---

[3] As of January 1, 2026, LINA is now incorporated under the law of Iowa.

5

territorial jurisdiction of the United States and governed by ERISA. 29 U.S.C. §§ 1003(b)(4), 1001(2).

Plaintiffs' allegations establish that the disability coverage constitutes an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). That provision broadly defines an "employee welfare benefit plan" as "any plan, fund, or program … established or maintained by an employer or by an employee organization … for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). AECOM procured the LTD Policy and established the Plan to provide benefits to its employees in the event of disability.

**B.      Plaintiffs' claims involve a domestic application of ERISA and thus ERISA governs their respective claims.**

While Plaintiffs rely on nonprecedential cases holding that, under the doctrine of extraterritoriality, ERISA does not apply to a foreign employees' claims for benefits under an ERISA plan, the claims in this case allege a domestic injury stemming from actions LINA took domestically. This action therefore involves a domestic application of ERISA under the Supreme Court's decision in *Yegiazaryan v. Smagin*, 599 U.S. 533 (2023).

Application of the presumption against extraterritoriality involves two analytical steps: "The first asks whether the statute gives a clear, affirmative indication that it applies extraterritorially. If the answer is 'yes,' then the presumption is rebutted, obviating any need to proceed to step two. If the presumption is not rebutted, however, then step two asks whether the case involves a domestic application of the statute, which is assessed by looking to the statute's focus." *Yegiazaryan*, 599 U.S. at 541-42 (internal citations and quotations omitted). In step two, if "the conduct relevant to the statute's focus occurred in the United States, then the case involves a

6

permissible domestic application even if other conduct occurred abroad." *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 337 (2016).

As discussed below, under *Yegiazaryan*, even if ERISA lacked "a clear, affirmative indication" of extraterritorial application, it applies here because the conduct relevant to ERISA's focus and Plaintiffs' claims occurred in the United States. And, as to the first step of the extraterritoriality analysis, ERISA's coverage provision, 29 U.S.C. § 1003, sets forth a "clear, affirmative indication" that it applies to foreign employees' claims under benefit plans that are established and administered in the United States and cover both domestic and foreign employees.

Turning to the first step of the analysis, the plain language of ERISA's coverage provision, 29 U.S.C. § 1003(b)(4), indicates that Congress intended for it to apply to the claims of foreign employees under ERISA-governed benefit plans that also cover U.S. employees. Section 1003(b)(4) narrowly excludes from the statute's scope any employee benefit plan that "is maintained outside of the United States primarily for the benefit of persons substantially all of whom are nonresident aliens." 29 U.S.C. § 1003(b)(4). This limited exception means that the statute governs any benefit plan that covers foreign employees when the plan is maintained in the United States and substantially all of the covered persons are not nonresident aliens. Here, the AECOM Plan covers thousands of United States employees, and it was established in the United States by a U.S. employer. Consequently, it does not fall within the coverage exception of § 1003(b)(4), which expressly provides for ERISA's application to foreign employees' claims under domestic ERISA plans. *C.f. RJR Nabisco*, 579 U.S. at 338, 349-50 (holding that RICO's substantive provision, 28 U.S.C. § 1962, applies to foreign racketeering activity because it incorporates criminal prohibitions that expressly apply to extraterritorial conduct, such as "a pattern of killings of Americans abroad in violation of [18 U.S.C.] § 2332(a)").

7

Second, even if § 1003(b)(4) did not constitute an affirmative indication that ERISA applies to the claims of foreign employees under U.S. plans, Plaintiffs' claims still involve a domestic application of the statute because the focus of ERISA is establishing standards of conduct for plan fiduciaries who decide participants' benefit claims and providing participants with remedies for improper benefit determinations. The gravamen of Plaintiffs' claims is that LINA injured them by making improper benefit determinations that breached the terms of the Plan and LTD Policy. This conclusion follows from the Supreme Court's reasoning in *Yegiazaryan*.

There, a Russian resident (Smagin) obtained a multi-million-dollar arbitration award against the respondent, Yegiazaryan, stemming from the allegation that Yegiazaryan stole Smagin's shares in a joint real estate venture in Moscow. To avoid a Russian criminal indictment for bank fraud, Yegiazaryan fled to California. Smagin then obtained a judgment confirming the arbitral award in California district court. To thwart Smagin's efforts to collect the judgment, Yegiazaryan allegedly conspired with others to fraudulently conceal and transfer his assets out of the United States. 599 U.S. at 537-38. Smagin, a Russian resident, then sued Yegiazaryan in the United States district court, alleging that his efforts to block collection of the judgment violated RICO, 18 U.S.C. § 1962(c) and (d). 599 U.S. at 539.

The Supreme Court rejected the district court's determination that the Russian plaintiff could not establish a domestic injury because he was a resident of Russia and Russia was therefore the place of the injury. Rather, the Court held that the focus of RICO's remedial provision was "the [asserted] injury, not in isolation, but as the product of racketeering activity." To assess whether an injury occurred domestically, courts must conduct a contextual analysis of the "nature of the alleged injury, the racketeering activity that caused it, and the injurious aims and effects of that activity." 599 U.S. at 544. Applying that contextual approach, the Court held that Smagin's

injury arose domestically, because much of Yegiazaryan's efforts to defeat collection of the judgment occurred in the United States, and the "rights that the California judgment provide[d] to Smagin exist[ed] only in California," notwithstanding that Smagin was a Russian resident and some of Yegiazaryan's racketeering occurred abroad. 599 U.S. at 545-46.

The application of *Yegiazaryan* here is clear: the focus of ERISA is setting standards for the conduct of fiduciaries who decide benefit claims under benefit plans in the United States, and providing remedies when fiduciaries fail to honor the rights of participants and beneficiaries under such plans. *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996) (finding that ERISA's basic purpose is protecting the interests of participants in employee benefit plans by establishing standards of conduct, responsibility, and obligation for fiduciaries and "providing for appropriate remedies . . . and ready access to the Federal courts") (quoting ERISA § 2(b), 29 U.S.C. § 1001(b)); *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 15 (1987) (stating that "the focus of the statute thus is on the administrative integrity of benefit plans"). Here, Plaintiffs allege a violation of their rights under an ERISA plan that exists, was established, and was administered entirely in the United States. The benefit determinations that Plaintiffs challenge were made in the United States and the challenged communications were sent to Plaintiffs from the United States. No Plaintiff would have a claim but for actions LINA allegedly took in the United States. As the rights that Plaintiffs assert exist only under AECOM's United States-based plan, and LINA allegedly violated Plaintiffs' rights under the Plan in the United States, the challenged conduct that is relevant to ERISA's focus occurred in the United States, and this action involves a domestic application of the statute.

This conclusion is buttressed by courts' treatment of coverage afforded under ERISA plans to independent contractors and working owners of the plan sponsor. Because one of ERISA's goals is "to provide a uniform regulatory regime over employee benefit plans," and incentivize

9

employers to provide benefits to employees (*Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)), courts have rejected rules that place benefit plans in or out of ERISA's scope based on the characteristics of the claimant rather than the characteristics of the plan. In *Yates v. Hendon,* 541 U.S. 1, 17 (2004), the Court held that the working owner of a professional corporation that sponsored a pension plan was a "participant" entitled to invoke ERISA's provisions. This ruling avoided "the anomaly that the same plan will be controlled by discrete regimes: federal-law governance for the nonowner employees; state-law governance for the working owner." Likewise, the Third Circuit in *Wolk v. UNUM Life Ins. of Am.*, 186 F.3d 352, 357 (3d Cir. 1999), concluded that a partner in the law firm sponsoring the plan qualified as a plan beneficiary under ERISA because a contrary ruling "would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA." That result "would frustrate Congress's intent of achieving uniformity in the law governing employment benefits." *See also Shyman v. Unum Life Ins. Co*., 427 F.3d 452, 454-55 (7th Cir. 2005) (whether a given package of benefits is in or out of ERISA's scope is determined at the plan level, rather than participant by participant, and therefore ERISA governed independent contractor's claim for disability benefits under group policy that covered policyholder's employees and independent contractors). Under *Yates* and *Wolk*, ERISA governs the AECOM Plan for purposes of any claimant alleging that his or her rights under the Plan were violated, whether the claimant is located in the United States or abroad.

While Plaintiffs cite *Bajrami v. Reliance Standard Life Insurance Co.*, 334 F. Supp. 3d 659 (E.D. Pa. 2018), and *In re Reliance Standard Life Insurance*, 386 F. Supp. 3d 505 (E.D. Pa. 2019), to support their argument that ERISA does not apply to foreign employees' claims under U.S. benefit plans, the courts in those cases considered the extraterritoriality issue before the Supreme

10

Court decided *Yegiazaryan*, which emphasized that a violation of an international plaintiff's rights in the United States, as a consequence of the defendant's wrongful conduct in the United States, constitutes a domestic injury. Because *Yegiazaryan* came down after these cases were decided, the courts did not analyze whether the foreign plaintiffs asserted a domestic injury to their rights under a United States-based plan. As discussed above, Plaintiffs here have alleged a domestic injury flowing from domestic conduct, and ERISA is not reaching outside the territory of the United States. Plaintiffs are seeking remedies for actions LINA took in the United States that allegedly violated their rights under a benefit plan established in the United States by a domestic employer.

Further, the decisions in *Bajrami* and *In re Reliance* did not address the second step of the extraterritoriality inquiry, in which a court must ascertain ERISA's focus and determine whether the conduct relevant to that focus occurred in the United States. As stated, the focus of ERISA is setting standards of conduct for fiduciaries administering benefit plans in the United States, and providing remedies to plan participants whose benefit entitlements are not honored. *Varity Corp.*, 516 U.S. at 513; 29 U.S.C. § 1001(b). Here, the conduct relevant to ERISA's focus is LINA's allegedly improper denial, in the United States, of Plaintiffs' benefits claims under a benefit plan established in the United States. Hence, under *Yegiazaryan*, this case involves a domestic application of the statute.

## II. ERISA PREEMPTS PLAINTIFFS' STATE-LAW CLAIMS AS ALL CLAIMS RELATE TO AN ERISA-GOVERNED LONG-TERM DISABILITY PLAN.

Congress enacted ERISA "to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001). To achieve nationally uniform regulation, ERISA broadly supersedes all state laws insofar as they "relate to" any employee benefit plan. 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 44-45 (1987). A state-law claim "relate[s] to"

11

an employee benefit plan if it "has a reference to" or "an impermissible connection with ERISA plans." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319-20 (2016). Courts have repeatedly held that state law claims such as those asserted by Plaintiffs have an "impermissible connection with" ERISA plans because they allege, at bottom, the "improper processing of a claim for benefits under an employee benefit plan," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987), or they seek to "govern[] the payment of benefits" under ERISA plans, *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001) (preempting state statute dictating choice of beneficiary).Plaintiffs' claims all base in state law and are therefore preempted by ERISA.

There are two forms of preemption under ERISA: complete preemption under 29 U.S.C. § 1132(a), which applies to state-law claims falling within the scope of § 1132(a), and "express preemption" under ERISA § 514(a), 29 U.S.C. § 1144(a), which applies to any state law that relates to an ERISA-governed benefit plans. Both are applicable here.

> **A.    ERISA completely preempts Plaintiffs' state law claims.**

In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987), the Supreme Court held that ERISA's civil enforcement provision, § 502(a), has such "extraordinary pre-emptive power" that it completely preempts state-law claims within its ambit and converts them into federal claims. In *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004), the Supreme Court adopted a two-part test for determining whether a state-law claim is completely preempted. Complete preemption applies if: (a) the plaintiff, "at some point in time, could have brought his claim under [§ 1132(a)]," and (b) "there is no other independent legal duty that is implicated by a defendant's actions." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 914 (8th Cir. 2005) (quoting *Davila*, 542 U.S. at 210). An independent legal duty does not exist if the claimant complains of a "denial of coverage" under an ERISA plan, 542 U.S. at 211, or if "interpretation of the terms of

12

[the claimant's] benefit plans forms an essential part of" the state-law claim. *Davila*, 542 U.S. at 213.

Here, because all Plaintiffs' state-law claims challenge benefit denials under AECOM's Plan, they fall within the scope of § 502(a), 29 U.S.C. § 1132(a) and are completely preempted by ERISA. That provision allows a beneficiary or participant of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under § 502(a), a participant or beneficiary may "obtain accrued benefits due" and "a declaratory judgment about entitlement of benefits." ). *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 272 (3d Cir. 2001). The scope of this remedial provision encompasses any state-law claims challenging "the quantum of benefits due under an ERISA-regulated plan" and "the administration of or eligibility for benefits" under an ERISA plan. *Pryzbowski*, 245 F.3d at 272, 273 (holding that claims alleging that health plan administrator negligently delayed approval of surgery and negligently trained claims personnel "fall within the realm of the administration of benefits" and were completely preempted).

ERISA allows "participants" and "beneficiaries" to bring action under § 1132(a)(1)(B). Plaintiffs here allege that they are plan "participants" as that term has been construed by the Supreme Court. A "participant" is an employee or former employee of an employer "who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer …or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). The Supreme Court has construed "participant" as including "former employees … who have a 'colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989). Plaintiffs meet this definition because they allege that they "were

13

actually the employees of AC First and AECOM," the plan sponsor, and that AECOM "represented that it would offer and procure long-term disability insurance for employees working in Afghanistan, including Plaintiffs." (Compl., ¶ 26). As alleged former employees with colorable claims for benefits under AECOM's Plan, Plaintiffs are "participants" who can bring action under § 1132(a)(1)(B) to recover benefits under the AECOM Plan. Accordingly, Plaintiffs' state-law claims are completely preempted by ERISA and require dismissal with prejudice.

**B.      ERISA expressly preempts Plaintiffs' state law claims.**

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The term "relate to" is given "a broad, common-sense meaning," such that a state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). The express preemption provisions of ERISA are "deliberately expansive, and designed to establish [ERISA] plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46 (1987). As explained below, each of Plaintiffs' claims has "a connection with or reference to" AECOM's ERISA plan. Accordingly the claims are preempted by ERISA, warranting dismissal with prejudice.

**Count One — Breach of Contract.** Plaintiffs allege that LINA breached the LTD Policy by failing to pay LTD benefits. This is a quintessential claim to "recover benefits due . . . under the terms of [a] plan," which falls squarely within ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The Third Circuit has consistently held that breach of contract claims challenging the denial of benefits under an ERISA plan are preempted. *See Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989); *Pilot Life*, 481 U.S. at 47–48; *Menkes v. Prudential Ins. Co. of Am.,* 762 F.3d

14

285, 296 (3d Cir. 2014) (holding "[t]he plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty are likewise expressly preempted because they also relate to the administration of the ERISA plans"). Because proving breach of contract will require reference to the LTD Policy and other Plan documents and relate to the administration of the AECOM ERISA Plan, it is expressly preempted under Section 514(a).

**Count Two — Fraud.** Plaintiffs allege that LINA "knowingly and intentionally made misrepresentations and false promises" regarding LTD coverage. Claims sounding in fraud are preempted when they are "premised on the existence of the plan and require interpreting the plan's terms." *Menkes*, 762 F.3d at 295-96; *see Pilot Life*, 481 U.S. at 47 (fraudulent inducement claim preempted by ERISA); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir. 1990) (misrepresentation claim preempted because it related to the ERISA plan). Here, resolving the fraud claim would require the Court to examine the LTD Policy's terms, the scope of coverage, and whether LINA's representations about eligibility were accurate — all of which sit within the heartland of ERISA.

**Count Three — Conspiracy to Commit Fraud.** Plaintiffs allege that LINA conspired with AECOM to defraud Plaintiffs regarding their LTD coverage. This claim is derivative of the fraud claim and is likewise preempted because it relates to the administration of the ERISA plan and the determination of benefits eligibility. *Menkes,* at 295-96.

**Count Four — Negligent Misrepresentation.** Plaintiffs allege that LINA "made misrepresentations regarding its long-term disability coverage Policy." This claim requires examination of the LTD Policy's terms, and LINA's representations about those terms, and is therefore expressly preempted under Section 514(a). *See Rieser v. Std. Life Ins. Co.*, 159 F. App'x 374, 377 (3d Cir. 2005) (fraud claim preempted because it "'relates to' the denial of benefits under

1103350\329681449.v1

an employee benefit plan"). As the Third Circuit has held, "[w]here liability is predicated on a plan's administration, ERISA preempts state law claims because a benefit determination is part and parcel of the ordinary fiduciary responsibilities connected to the administration of a plan." *Menkes*, 762 F.3d at 296 (quoting *Aetna Health*, 542 U.S. at 219) (internal quotations omitted).

**Count Five — Breach of the Duty of Good Faith and Fair Dealing.** Plaintiffs allege that LINA breached the duty of good faith and fair dealing in processing their claims for benefits under the Plan. The Third Circuit has squarely held that suits against insurance companies for denial of benefits, "even when the claim is couched in terms of common law negligence or breach of contract," are preempted by ERISA Section 514(a). *Pryzbowski,* 245 F.3d at 278 (3d Cir. 2001). Similarly, a claim for breach of the duty of good faith and fair dealing arising out of the allegedly improper processing of a claim for benefits under an ERISA plan is preempted because it "relates to" the employee benefits plan. *Menkes,* at 296; *Bicknell v. Lockheed Martin Group Benefits Plan*, 410 F. App'x 570, 576 (3d Cir. 2011); *Pilot Life*, 481 U.S. at 48. Furthermore, claims under Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, are preempted by ERISA. *Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134, 140–41 (3d Cir. 2004); *Scheibler v. Highmark Blue Shield*, 243F. App'x 691, 694 (3d Cir. 2007).

**Count Six — Promissory Estoppel.** Plaintiffs allege that LINA accepted premium payments and that Plaintiffs relied on LINA's promise of disability insurance benefits. This claim is preempted because it arises from and relates to the terms of the ERISA Plan. Determining whether LINA made an actionable promise and whether Plaintiffs reasonably relied on it requires examination of the LTD Policy's coverage terms and LINA's plan administration. *See Pane*, 868 F.2d at 635 (state law claims arising from an ERISA plan are preempted). The benefit payments

Plaintiffs seek based on promissory estoppel are the benefits allegedly promised them under AECOM's Plan and are therefore expressly preempted.

**Count Seven — Negligence.** Plaintiffs allege that LINA negligently failed to procure coverage and to communicate accurate information. State law claims for negligence relating to an ERISA-governed benefits plan are preempted. *Ford v. Unum Life Ins. Co. of Am.*, 351 F. App'x 703, 706 (3d Cir. 2009) ("State law claims such as . . . breach of contract, negligence, and intentional infliction of emotional distress . . . would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan."); *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007) (state law malpractice claim concerning calculation of benefits preempted by ERISA).

**Punitive Damages.** "Any state-law cause of action that duplicates, supplements, or supplants the civil enforcement remedy" in ERISA "conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134, 140 (3d Cir. 2004).

Plaintiffs seek punitive damages throughout their Complaint. Punitive damages are not available under ERISA's civil enforcement scheme, and any state law claim seeking punitive damages in the context of an ERISA plan is conflict preempted. *Pilot Life*, 481 U.S. at 54; *Menkes*, 762 F.3d at 296 ("Because Congress did not choose to include punitive damages as an available remedy, ERISA § 502(a) conflicts with and preempts the plaintiffs' state law claim."); *Pane*, 868 F.2d at 635 & n.2; *Barber*, 383 F.3d at 140–41.

1103350\329681449.v1

## CONCLUSION

For the foregoing reasons, Life Insurance Company of North America respectfully requests that the Court dismiss Plaintiffs' Complaint for failure to state a claim, with prejudice and on the merits, and grant Life Insurance Company of North America such other and further relief as is just, proper and equitable.

Respectfully submitted,

Dated: May 20, 2026                      **HINSHAW & CULBERTSON LLP**

By: */s/ Marissa Edwards*
    Fred Hoensch (Pa. ID 208894)
    Marissa Edwards (Pa. ID 316751)
    111 Wood South Avenue, Suite 210
    Iselin, New Jersey 08830
    Tel: 908-374-0336
    Fax: 908-374-0345
    fhoensch@hinshawlaw.com
    marissaedwards@hinshawlaw.com

    Daniel K. Ryan (*pro hac vice*)
    Peter E. Pederson (*pro hac vice*)
    151 North Franklin Street, Suite 2500
    Chicago, IL, 60606
    Tel: 312-704-3248
    Fax: 312-704-3001
    dryan@hinshawlaw.com
    ppederson@hinshawlaw.com

    M. Annie Santos (*pro hac vice*)
    250 Nicollet Mall, Suite 1150
    Minneapolis, MN 55401
    Tel: 612-334-2540
    Fax: 612-334-8888
    asantos@hinshawlaw.com

    *Attorneys for Defendant*

18

1103350\329681449.v1